IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | | |
|---|---|---|
| **LORNE PERNELL SIMON,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:05-00870 |
| | ) | |
| **CHARLES T. FELTS, Warden,** | ) | |
| | ) | |
| Respondent. | ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

On November 1, 2005, Petitioner, an inmate then in confinement at FCI Beckley, Beaver, West Virginia, filed his Application Under § 2241 for Writ of *Habeas Corpus* By a Person in State or Federal Custody and a Memorandum of Law.[1] (Doc. Nos. 1 and 2.) Petitioner challenges various aspects of a disciplinary hearing which resulted in his removal from a half-way house and the loss of his good time conduct credit. Petitioner specifically alleges his due process rights were violated on the following grounds:

1. Petitioner's Due Process Rights were not respected by BOP staff, in that BOP staff did act in an arbitrary fashion by not adhering to CFR mandated timeframes for processing disciplinary actions, by failing to hold a CDC hearing in a timely and lawful manner, respecting Petitioner's right to due process as provided for under the rules and regulations of the CFR. (see 28 C.F.R. § 541 et seq) and in deference due the Congressional perogatives, and (see Memo attached)[.] (Doc. No. 1 at 7.)

2. Contrary to BOP staff's representantions, the Petitioner was never physically present at any disciplinary (or other) hearing alledgedly held for the purpose of a CDC disciplinary hearing, nor was a properly staffed hearing ever held. (See Memo attached) (Id.)

3. Contrary to BOP staff's representations; BOP staff violated Petitioner's CFR

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

        provided right to have witnesses attend and be heard, and (2) BOP staff intentionally mislead Petitioner's witness to prevent them from being heard in Petitioner's defense, and (3) Petitioner wasn't allowed to confront his accusers at any hearing, in his right to defend against the charges; (4) BOP staff misrepresented Petitioner's witnesses' statements to the Petitioner's detriment. (See Memo attached) (Id.)

4.     Contrary to BOP staff's representations, the BOP staff's refusal to timely provide the Petitioner with his CDC violation packet despite Petitioner and his family's numerous requests; said delays did cause Petitioner prejudice in numerous ways. (see Memo attached) Further, as Petitioner was terminated by his supervisor at his job; he did not 'resign', and therefore, did not break halfway house rules. (See Ex. HH, at #65.) (Id.)

By Standing Order also filed on November 1, 2005, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 3.)

## ANALYSIS

        The undersigned finds that the Petitioner's §2241 Application must be dismissed as moot. Under Article III of the United States Constitution, an actual and continuing controversy must exist while a case is pending in federal court. Honig v. Doe, 484 U.S. 305, 317, 108 S. Ct. 592, 601, 98 L.Ed.2d 686 (1988); Ross v. Reed, 719 F.2d 689, 694 (4th Cir. 1983). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496, 89 S. Ct. 1944, 1951, 23 L.Ed.2d 491 (1969). Generally, a *habeas corpus* petition becomes moot once the petitioner is released from custody, unless the petitioner can demonstrate sufficient collateral consequences of the underlying proceeding. See Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). The Supreme Court has established a presumption that a wrongful conviction has continuing collateral consequences. Id., 523 at 8, 118 S.Ct. at 983. However, the Supreme Court has refused to extend the presumption of collateral consequences to cases where a conviction is not being attacked. See Id., 523 U.S. at 12-13, 118 S.Ct. at 985-986.

A review of the Bureau of Prison's Inmate Locator indicates that Petitioner was released from custody on January 27, 2006. The office of the undersigned confirmed via telephonic communication with the Bureau of Prisons that Petitioner was in fact released from custody on January 27, 2006.  In his Application, Petitioner challenges various aspects of his disciplinary hearing which resulted in his removal from a half-way house and the loss of good conduct credit; he does not challenge the validity of his underlying conviction or sentence. Petitioner is no longer subject to the sanctions imposed as a result of the disciplinary hearing, nor is he suffering any current consequences as a result of the hearing or the loss of his good conduct credit.  Even if Petitioner alleged future consequences as a result of the disciplinary hearing, the mere possibility of future consequences is too speculative to give rise to a case or controversy.  Spencer v. Kemna, 523 U.S. at 2, 118 S.Ct. at 980; Bronaugh v. Morrison, No. Civ. A. 402cv718Y, 2002 WL 31422963 (N.D. Tex. October 24, 2002)(holding that §2241 Application challenging prison officials' disciplinary action with resultant loss of good conduct credit and other sanctions is moot after Petitioner is released from custody and where Petitioner failed to demonstrate any collateral consequences of the disciplinary hearing); see also Hinds v. Ashcroft, No. 2:04-cv-661-MEF, 2006 WL 1982113, *3 (M.D. Ala. July 16, 2006)(Petitioner's § 2241 Application requesting that his good conduct credits be restored is moot under 28 C.F.R. § 2.35(b) as the good time of one confinement does not carry over to a second confinement.)  Accordingly, Petitioner's claims are rendered moot by virtue of his release and the absence of collateral consequences, and therefore, his § 2241 Application must be dismissed.

### **PROPOSAL AND RECOMMENDATION**

Accordingly, the undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Petitioner's § 2241 Application (Doc. No. 1) as moot and remove this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have thirteen days (ten days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Johnston, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner, who is acting *pro se*.

Date: September 25, 2006.

R. Clarke VanDervort
United States Magistrate Judge